### E. MERCER SHREVE v. MARCIA R. FREEMAN.

When there is an express agreement between solicitor and client, whereby solicitor undertakes to do certain services respecting client's interest in an estate for a certain sum stipulated to be paid by client, and in the performance of the duty so undertaken the solicitor takes proceedings in client's behalf in the Court of Chancery, which result in settling the estate and severing and securing client's share, and entitle him, under the agreement, to the specified compensation; in an action therefor the client ought to be credited with a sum allowed by the Chancellor to the solicitor in the proceedings in chancery out of the general fund of the estate, when it appears that the services rendered by the solicitor in those proceedings were such as were included in his contract with his client.

---

In case.

Argued at November Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, REED and MAGIE.

*E. M. Shreve, in pro. pers.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

MAGIE, J. Plaintiff's claim is based on certain legal services rendered by him to defendant as solicitor and counsel, respecting her interest in the estate of Isaac Brown Parker, deceased, upon an express contract on her part to pay him $5000 therefor. There is no dispute respecting the contract or its terms, and there is no substantial denial that plaintiff did render the services agreed on. The sole dispute between the parties is whether plaintiff has not in fact been paid. Plaintiff admits he received from defendant $3100, and gives her an additional credit for $357.15, being one-seventh of the sum of $2500 received by him from an allowance made in the litigation in which his services were rendered. His claim is thus reduced to $1542.85. Defendant claims she ought to be allowed the whole of said sum of $2500, in which case the plaintiff has been overpaid $600.

The employment of plaintiff was in respect to an undivided interest of an estate. The protection and security of that interest, and the removal of it from the hands of an executor who had given no security, were the admitted objects of plaintiff's employment and of defendant's contract for compensation. In performance of his duty to defendant, plaintiff prosecuted proceedings in her behalf in the Court of Chancery of this state and was successful in procuring a decree satisfactory to her. The proceedings necessarily involved the settlement of the estate, and, incidentally, the interest of other persons therein, who were parties to the proceedings, appearing by various solicitors. Defendant's interest was only one-seventh. At the termination of those proceedings the Chancellor made an allowance of $12,500 out of the estate to the different solicitors and counsel employed; of which sum $2500 was awarded to plaintiff and received by him. At the time the order was made the Chancellor had no knowledge of the contract for compensation between plaintiff and his client. It is with reference to this sum the present controversy is carried on, and the question is whether the whole or only one-seventh

of it is to be allowed defendant upon her contract to compensate plaintiff.

This identical question has been before the courts of Pennsylvania. Plaintiff instituted a suit against defendant in that state upon his claim. He obtained a verdict in the court below, and the case was taken to the Supreme Court of that state for review. On the trial of the case below, the contention of plaintiff was the same now made. The judge there presiding charged the jury in favor of plaintiff's contention, holding that the allowance of the Chancellor was for plaintiff's service to the general fund, and was not a compensation to plaintiff for the particular service rendered by him to his client. The court above dissented from this view, reversed the judgment and directed a new trial. The opinion was delivered by Judge Sharswood. He points out that all the services rendered by plaintiff were clearly within the scope of his duty to his client under his undertaking with her, and that, for such services, plaintiff had no claim whatever upon the other parties interested, although, in fact, while protecting his client's interest, he had incidentally benefited them. In that view, and since the protection of the client's undivided interest made it necessary to protect the general fund, he concludes that no part of the $2500 was for services rendered to any one else but the client, and that "whatever counsel thus receives ought to be regarded as a credit on account between him and his client."

A petition for re-hearing was afterward filed. It appears to have been put on the ground that the court had erred in considering the allowance to have been made for a service to the general fund, and to have claimed, apparently, that it was made "because plaintiff had assisted the Chancellor in arriving at a just conclusion as to the interest of parties entitled to three-sevenths of the fund, in connection with which no solicitor appeared before the accounting officer." The re-hearing was denied, Judge Sharswood again delivering the opinion of the court. He declares there was no evidence in the case supporting the ground alleged for re-hearing, and

that if any evidence of that kind was presented in the new trial, it might be good reason to limit the credit of defendant to the one-seventh of the sum awarded

The cases are reported in 5 *Norr.* 135, and 35 *Leg. Int.* 164.

The plaintiff then abandoned his suit in Pennsylvania and commenced this action.

The reasoning and conclusion of Judge Sharswood's first opinion are so satisfactory that I might adopt them as expressing my own view of this subject. The employment of plaintiff was solely by Mrs. Freeman. In performance of his professional duty to her, he was obliged to do certain acts. Those acts resulted in protecting, separating and securing his client's share. As a necessary incident, the shares of others interested in the estate were protected, separated and secured to them. Yet he was not employed by the court, nor by the estate, nor by the other parties in interest. He owed them no duty, and could not have recovered from any of them one dollar of compensation for his services, however valuable to them. The allowance was indeed made to him out of the general fund in which all were interested, and all, therefore, contributed to it. And it was not a mere gratuity. It was awarded because the services, though rendered to the client, had been, in fact, beneficial to all interested. Under such circumstances, to whom and for whose benefit is such an allowance to go? If it had been known to the Chancellor that the agreement for compensation, admitted in this case, existed, it cannot be doubted that the allowance would have been so made as to be applicable as a credit in the account between solicitor and client. Does the case stand in any different light because that agreement was not disclosed? Manifestly, it ought not to be so treated. What the Chancellor *ex æquo et bono* would have done, the law will enforce as implied from the circumstances of the case. If there had been no agreement for compensation, but merely a general retainer of the solicitor, and if, under such circumstances as are here disclosed, an action on an implied contract for a *quantum meruit*

could be brought, evidence that the solicitor had been paid for the same service would clearly be admissible to reduce the amount plaintiff could recover, I think it equally admissible where the contract is express, as in this case. Upon such a contract, an allowance of compensation from others—parties in interest—for the services due to and rendered for the employer, but indirectly beneficial to the others, is, in effect, an award to the employer. It is the employer and client who has really rendered the service, by his solicitor or agent, who had been engaged to do the specific services in question for a specified sum. I can perceive no ground whatever justifying the solicitor in claiming it as his own, and so securing double pay for the same identical labor.

The question was settled in this court in the case of *Schomp* v. *Schenck*, 11 *Vroom* 195. In that case there was an express contract between attorney and client for specified services at a specified compensation. The only difference between that and this case is, that in the former the compensation was to be fixed in proportion to the amount collected, while in this case the amount was definitely agreed on. In the litigation in that case it appeared an allowance had been made to the attorney by the Ordinary. This court held that by reason of his agreement with his client, the attorney had no right to the moneys received by him under such allowance, and that those moneys ought to have been deducted from the amount of his compensation due from his client under the agreement.

It is proper to add that plaintiff claims that the opinion of Judge Sharswood was expressed upon the case as it then stood, and that there now appears in it a circumstance which, he claims, would have altered that opinion if then disclosed. I do not understand the opinion delivered on the petition for re-hearing to give countenance to that view, but if it does, I am unable to agree with it. The additional circumstance is thus expressed in the state of the case before us: "The following is agreed to as part of this case, that in the accounting for and separation of the different interests in said estate, the plaintiff herein took the most active part, and, with the

exception of Mrs. Morris' and Mrs. Grubb's interest, the other three legatees were not actively represented by their nominal solicitor." * * * I do not perceive that this alters the situation of plaintiff's claim in the least degree. It does not appear that plaintiff was employed by the three legatees mentioned, or that the allowance was made on their account or for services rendered to them. The allowance was general, out of and on account of the whole fund, and, being for services rendered for Mrs. Freeman, is an allowance on her account. If plaintiff was more active than others, there is no pretence that he did more than his duty to his client required him to do.

Upon these grounds, it is evident the client will not be justly treated by a credit of only one-seventh of the amount allowed. She is entitled to a credit for the whole amount.