MILDRED L. HENDERSON AND ANNA L. LITTLEFIELD, EXECUTRICES OF THE ESTATE OF CHARLES W. LITTLEFIELD, DECEASED, AND BENJAMIN H. LITTLEFIELD, PLAINTIFFS-APPELLANTS, v. WILLIAM H. A. WEBER, DEFENDANT-RESPONDENT.

Submitted May 29, 1942—Decided September 18, 1942.

For the plaintiffs-appellants, *Kearns & Bruder*.

For the defendant-respondent, *Meyer M. Semel.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Essex County Circuit Court entered following an order striking the complaint of the plaintiffs-appellants in a suit on bonds for deficiency after foreclosure sale.

A single question is involved, namely whether the failure to serve a copy of an amended bill of complaint and the order permitting such amendment upon the defendant Gallagher, a tenant who was made a party defendant by the amended bill and the order requiring service upon all the defendants, results in a failure to bring in all of the parties necessary in order to foreclose interests in the property. Gallagher was a tenant. He was not a party to the original bill. When it was discovered that a party who was named as tenant in the original bill had removed and Gallagher had become a tenant, the bill was amended. Gallagher was served with a *subpœna ad respondendum.* He did not answer and as appears by the record in the state of the case a decree *pro confesso* was taken against him on February 28th, 1941. On April 18th, 1941, a final decree adjudging that the amended bill be taken as confessed, and the mortgaged premises be sold to pay unto complainants the sums due, and that an execution issue to the sheriff of Essex County and that the defendants stand debarred and foreclosed of and from all equity of redemption, was entered. Thereafter the sale took place and an order confirming sale was entered, and the deed delivered.

, It is not necessary to determine whether or not, Gallagher not being a party when the bill was amended, it was necessary to serve him with the amended bill and order, as directed in the order for service upon the defendants. He was served with a *subpœna ad respondendum.* The decrees were entered against all the defendants including Gallagher, and a collateral attack of this kind may not be made upon the decrees entered in the Court of Chancery. In point is an opinion by Chief Justice Beasley, in *McCahill* v. *Equitable Life Assur-*

*ance Society,* 26 *N. J. Eq.* 531. At page 537, the Chief Justice says: "And upon the general doctrine, that the final judgment of a court of general jurisdiction cannot be called in question, in a collateral proceeding, the leading American cases take strong ground in favor of the rule." He further says: "The legal rule, then, is this: that the decision of a domestic court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force, that it can not be challenged collaterally, and that such decision definitively binds all parties embraced in it, unless, on objection made to such court itself, or in a direct course of appellate procedure. The result of this doctrine obviously is, that the present petitioners have nothing to apprehend from any supposed error in the publication of the notice to the absent defendant, as such absent defendant cannot set up such defect against the title offered under this decree."

In *American-Italian Building and Loan Association* v. *Liotta,* 117 *N. J. L.* 467, the defect was in a failure to make a person having an interest a party to the foreclosure suit. Here, by the decree of the Court of Chancery everyone who is asserted to have any interest was made a party and the decrees thereby foreclosed them of any interest. So it follows that all parties are bound by the Chancery proceeding and the decree which went against Gallagher as well as all the others is valid and, barring direct attack, conclusive, and it cannot be attacked in this proceeding.

The judgment under review is reversed.

*For affirmance*—PERSKIE, WELLS, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, THOMPSON, JJ. 13.