MILDRED L. HENDERSON AND ANNA L. LITTLEFIELD, EXECUTRICES OF THE ESTATE OF CHARLES W. LITTLEFIELD, DECEASED, AND BENJAMIN H. LITTLEFIELD, PLAINTIFFS-RESPONDENTS, v. WILLIAM H. A. WEBER, DEFENDANT-APPELLANT.

Submitted October 29, 1943—Decided January 27, 1944.

For the appellant, *Meyer M. Semel* and *George H. Rosenstein*.

For the respondents, *Kearns & Bruder* (*Anthony P. Kearns* and *Michael J. Bruder*, of counsel).

The opinion of the court was delivered by

HEHER, J.   The question here is whether, in an action to recover the deficiency arising from the sale of mortgaged lands under a decree of foreclosure, the obligor on the bond may have credit for the fair market value of the security under chapter 82 of the laws of 1933 (*Pamph. L., p.* 172), notwithstanding that the bond and mortgage were made before the adoption of the statute.   An answer asserting such right was struck out as "insufficient in law."

This court has ruled that, as to pre-existing mortgages, the cited statute constituted an impairment of the obligation of the contract, and the remedy for its enforcement, in contravention of article I, section 10, paragraph 1, of the Constitution of the United States and article IV, section 7, paragraph 3, of the Constitution of New Jersey. *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596; *Alert Building and Loan Association* v. *Bechtold,* 120. *Id.* 397. But it is pointed out that the federal Supreme Court has since declared that, as respects pre-existing contracts, a similar statute of the State of New York did not offend against the cited clause of the federal constitution, and that this determination is conclusive on the state sovereignties. *Gelfert* v. *National City Bank of New York,* 313 *U. S.* 221; 61 *S. Ct.* 898; 85 *L. Ed.* 1299. The rationale of that decision is that mortgagees are "constitutionally entitled to no more than payment in full;" that the state legislature may, in lieu of the more restricted control by a court of equity, substitute "a uniform comprehensive rule" to that end; that the "fair and reasonable market value" of the mortgaged lands "has an obvious and direct relevancy to the determination of the amount of the mortgagee's prospective loss;" and that, while in a given case the application of a specific criterion of value may not produce an assessment of the actual loss with "mathematical certitude," the "incidental individual inequality" is not fatal. It is argued that like principles should govern the application of the contract clause of our state constitution.

There is no occasion to consider the question. The current statute is not applicable to bonds and mortgages made prior to March 29th, 1933, the date of the adoption of the act of 1933, *supra.* *R. S.* 2:65–3. The revisors thereby designed, no doubt, to· discard the provision held unconstitutional in *Vanderbilt* v. *Brunton Piano Co., supra;* and the legislature acquiesced in that course.

Acknowledging that the modification of the provision, as embodied in the Revision of 1937, manifests a legislative purpose to "repeal" the act of 1933, *supra,* in so far as it embraced pre-existing bonds and mortgages, appellant urges that the "repealer" is unconstitutional, in that it serves to

deprive him of "property rights," *i. e.*, (1) the "absolute right" to credit for the fair market value of the mortgage security, and (2) the right to have that issue determined by a jury. It is said that it is within the interdictions of the Fifth and Fourteenth Amendments of the federal constitution, as a "taking of the mortgagor's property, conferred upon him" by the act of 1933, "without just compensation and without due process of law." What the appellant lost thereby is termed "a vested right of action," that is "property" secured by these constitutional provisions against "arbitrary interference"—citing *Pritchard, Exrs., &c.,* v. *Norton,* 106 *U. S.* 124; 1 *S. Ct.* 102; 27 *L. Ed.* 104. There is invoked the principle that an unconstitutional repealer is ineffective and therefore the original act stands *in toto.*

But there is no vested right in a particular remedy. Existing remedies may be changed, altered, or abolished, if a substantial remedy remains. This is the principle utilized to sustain the statutes permitting credit for the fair market value of the mortgaged lands as respects pre-existing contracts. The remedy thus given assimilates the qualities of equitable relief within the province of the Chancellor. In the application of the contract clause of the federal constitution, the formula of enforcement is for the legislature. The particular remedy subsisting at the date of the contract may be altogether abrogated if another equally effective for the enforcement of the obligation remains or is substituted for the one taken away. *Richmond Mortgage and Loan Corp.* v. *Wachovia Bank and Trust Co.,* 300 *U. S.* 124; 57 *S. Ct.* 338; 81 *L. Ed.* 552. The legislature may enlarge, limit, or alter the modes of proceeding, and the forms to enforce the contract, provided it does not deny a remedy, or so embarrass it with conditions or restrictions as seriously to lessen the value of the right. There is no substantial impairment of right merely because the new remedy is less convenient or less prompt and speedy than the one abolished. And, as regards the express prohibition of our state constitution against legislative deprivation of a remedy for the enforcement of a contract in existence when it was made, there is little or no practical difference between the obligation of a contract and the

remedy for its enforcement. If, through the deprivation of such a remedy, the efficacy of the means of enforcement is lessened, the substance and obligation of the contract are impaired. But where a remedy of substantially like character remains, or a substitute means of enforcement of the same species are given, there is no impairment of the substance of the right. There is, in that situation, no lessening of the force, efficiency or value of the obligation. *Lapp* v. *Belvedere*, 116 *N. J. L.* 563. See, also, *Moore* v. *State*, 43 *N. J. L.* 203; *Cooley's Constitutional Limitations* (*8th ed.*) 587.

Here, the remedy thus taken away was not in being when the contract was made. It was not within the terms of the contract clause of either the federal or state constitution. Defendant still had available the same measure of relief as was his when he incurred the obligation. He could have had the like relief in equity if timely application had been made, for equity abhors the unjust enrichment that comes from a double satisfaction. While the equitable remedy has been termed "discretionary," the exercise of the discretion must needs be guided by the principles of equity and justice. This is the theory of the cases that countenance statutes compelling allowance for the fair market value of the security. And defendant has no vested right to have the security appraised by a jury. As we have seen, there is no vested right in a particular remedial process if the obligor may have the same relief through another channel. If the legislature has left to the obligor a like effective remedy in equity, it has taken nothing of substance from him which he had before.

It results that, however we may view the question of the constitutional validity of a retroactive statutory provision allowing credit for the market value of the security in an action at law, appellant is not entitled to prevail.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.