This cause involves a counsel fee controversy between a client and his attorneys; the plaintiff-client appeals from the action of the Chancery Division in dismissing his complaint and entering judgment for the defendants-attorneys.
In 1941, the plaintiff Benjamin Littlefield and the legal representatives of the estate of his brother Charles W. Littlefield deceased, engaged the defendants, as attorneys, to institute proceedings on a bond and mortgage executed by William A. Weber. Thereafter, the mortgage was foreclosed and a deficiency judgment in the sum of $10,584.20 was obtained *Page 70 
against Weber. After his time to redeem had expired, Weber instituted a suit in the Court of Chancery seeking redemption. The Vice-Chancellor determined that Weber should pay a counsel fee as a condition to redemption and after taking testimony as to the reasonable value of the legal services rendered by the defendants-attorneys entered a decree which permitted redemption within a specified time and provided that Weber pay the judgment entered against him with interest and costs plus the sum of $2,500 which the court fixed "as a reasonable and just" counsel fee to be paid by Weber. Weber neglected to redeem within the time permitted but the judgment, with interest and costs and the $2,500 counsel fee, was fully satisfied. The defendants disbursed the proceeds of the judgment to the plaintiff and the estate of Charles W. Littlefield, retaining, however, in addition to the $2,500 counsel fee paid by Weber, the sum of $5,000 for services rendered by them to the plaintiff and the estate of Charles W. Littlefield. Their position is that their services were rendered on a quantum meruit basis; that the amount fixed by them was fair and reasonable; and that the plaintiff and the representatives of the estate of Charles W. Littlefield had agreed to the charge of $5,000, apart from the $2,500 paid by Weber, when partial distribution was being made to them.
In 1948, the plaintiff filed his complaint in the Chancery Division praying (1) that the court determine that the sum of $2,500 paid by Weber represented the entire fee to which the defendants were entitled and direct that the excess retained by them be remitted and, in the alternative, (2) that the court determine what charges against the plaintiff would be fair and reasonable and direct the defendants to remit the excess, if any, retained by them. Answer and counterclaim were filed by the defendants and after pretrial conference an order was entered to the effect that the parties had agreed to limit the trial to the issue of whether the defendants were entitled to a fee of $5,000 plus the $2,500 paid by Weber.
At the commencement of the hearing below plaintiff's counsel stated that since the plaintiff was then hospitalized, he could not appear but that in view of the fact that the only *Page 71 
issue in the case, under the pretrial order, appeared to be "what would be a reasonable charge for services rendered by the defendants" he would like to proceed in the plaintiff's absence. To this the court responded "all right" and no comment on the defendants' behalf appears in the record. Witnesses then testified on plaintiff's and defendants' behalf with respect to the value of the services rendered by the defendants. In addition, testimony was introduced to establish that early in June, 1946, distribution was made by the defendants of the sum which had then been realized from the judgment against Weber and that the plaintiff, as well as the representatives of the estate of Charles W. Littlefield, had, at that time, expressly approved the defendants' fee in the sum of $5,000 apart from the $2,500 received from Weber. At the conclusion of the hearing the judge made no determination as to the reasonable value of the legal services rendered. Instead, he concluded that the sum of $5,000 had been paid to the defendants as their agreed fee and that the complaint must, therefore, be dismissed and judgment entered for defendants.
The plaintiff contends that in the proceeding instituted by Weber there was a determination that the reasonable value of the services rendered by the defendants to the plaintiff was $2,500 and that that determination is res judicata. We consider this contention to be without foundation. The plaintiff and defendants were in no sense adverse parties in the Weber proceeding and the issue determined by the decree there entered was not between the plaintiff and the defendants but related solely to the "reasonable and just amount to be paid" by Weber for services rendered by the defendants to the plaintiff. Under the circumstances, it is clear that the decree in the Weber case could not bind the plaintiff on any issue as to the value of the legal services rendered to him by the defendants; and this being so, it was likewise not binding on the attorneys. See Sbarbarov. Miller, 72 N.J. Eq. 248, 254 (Ch. 1907); affirmed,74 N.J. Eq. 453 (E. A. 1908).
Plaintiff further contends that the pretrial order had excluded all issues except the reasonable value of the services *Page 72 
rendered by the defendants and that the lower court improperly accepted the defendants' contention that their fee was duly paid pursuant to an agreement fixing its amount. The terms of the pretrial order are unclear although it may be that the parties intended it to confine the hearing to the reasonable value of the services rendered. Plaintiff's counsel at the commencement of the hearing stated, in effect, that he so interpreted it and that, on that basis, he was proceeding without the plaintiff's presence. The lower court voiced acceptance of the statement by plaintiff's counsel, defendants' counsel voiced nothing to the contrary, and the hearing was conducted upon the evident assumption that the matter for determination was the reasonable value of the defendants' services. When, at the conclusion of the hearing, the lower court stated that it would dismiss the complaint upon its finding that the sum of $5,000 had been paid to the defendants as their agreed fee, plaintiff's counsel objected, without avail, to a determination of that issue without affording the plaintiff an opportunity to testify in denial.
We are satisfied that the action of the lower court was erroneous. In the first place, the situation presented at the conclusion of the hearing was such that, in fairness to the plaintiff, no finding should have been made as to whether the plaintiff had agreed that the defendants should receive a fee of $5,000 in addition to the $2,500 paid by Weber without affording to the plaintiff an opportunity to refute the defendants' assertions. In the second place, even if it be assumed that there was such agreement, the judgment for the defendants could not be rested thereon, without more, as was done by the court below. It is well settled that even where there has been an agreement between attorney and client, fixing the amount of the attorney's fee, it may be subjected to review by the court. Cf. 3Pomeroy's Equity Jurisprudence (5th ed. 1941), § 960d. Where, as here, the proceeding involves a fee controversy between attorney and client, the fact that there was such agreement is, of course, material; however, in the light of the fiduciary relationship between the parties, its terms are not conclusive and it will be sustained *Page 73 
only to the extent that it is found to embody a just and reasonable charge. See Steiner v. Stein, 2 N.J. 367, 372
(Sup. Ct. 1949); Lewis v. Morgan, 132 N.J. Eq. 343, 346
(Ch. 1942); Porter v. Bergen, 54 N.J. Eq. 405, 406 (E. A. 1896).
The judgment below is reversed and the matter is remanded to the Chancery Division for further proceedings in accordance with this opinion.