8 N.J. Super. 198 (1950)
73 A.2d 732
BENJAMIN LITTLEFIELD, PLAINTIFF-APPELLANT,
v.
ANTHONY P. KEARNS AND MICHAEL J. BRUDER, TRADING AS KEARNS & BRUDER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1950.
Decided June 6, 1950.
*199 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Walter A. Beers argued the cause for the appellant.
Mr. Francis P. Meehan argued the cause for the respondents.
The opinion of the court was delivered PER CURIAM.
In a previous appeal by plaintiff a judgment of dismissal entered in the Chancery Division was reversed *200 and the cause was remanded for further proceedings which have been held. See Littlefield v. Kearns, 5 N.J. Super. 68 (App. Div. 1949). On December 22, 1949, judgment of dismissal was again entered and the plaintiff appeals therefrom.
The plaintiff Benjamin Littlefield and the legal representatives of the estate of his brother Charles W. Littlefield, deceased, held an $8,000 bond and mortgage executed by William A. Weber. Foreclosure proceedings were instituted and the premises were sold. Thereafter the defendants, attorneys at law, were engaged to institute proceedings to collect the deficiency on the bond. The plaintiff and the estate each paid a retainer of $100 on account and it is not disputed that the attorneys were ultimately to be paid the reasonable value of their services.
In August, 1941, a complaint seeking to recover the deficiency on the bond was filed in the Essex County Circuit Court. This complaint was dismissed. Henderson v. Weber, 20 N.J. Misc. 67 (Cir. Ct. 1942). An appeal was taken and the cause was submitted on briefs in May, 1942. In September, 1942, the Court of Errors and Appeals reversed the dismissal of the complaint. Henderson v. Weber, 129 N.J.L. 59 (E. & A. 1942). Thereafter, answer to the complaint was filed and ordered stricken, judgment in the sum of $10,584.20 was entered, and appeal therefrom was submitted on briefs in October, 1943. In January, 1944, the Court of Errors and Appeals sustained the judgment (Henderson v. Weber, 131 N.J.L. 299 (E. & A. 1944)) and on May 29, 1944, an appeal to the United States Supreme Court was dismissed, on motion, for want of a substantial federal question. Weber v. Henderson, 322 U.S. 713 (1944).
After his time to redeem had expired, Weber instituted a suit in the Court of Chancery seeking redemption and deposited the sum of $11,000 with the Clerk in Chancery. The Vice-Chancellor determined that Weber should pay a counsel fee as a condition to redemption and testimony was taken as to the reasonable value of the legal services rendered by Kearns and Bruder. This testimony ranged from $1,200 to $5,500 *201 and the Vice-Chancellor concluded "that fair and reasonable compensation for the services rendered would be the sum of $1,000 in the Essex Circuit Court; $500 on each appeal to the Court of Errors and Appeals, and $500 on the appeal to the Supreme Court of the United States, or a total of $2,500." The Court's decree dated February 19, 1946, permitted redemption within a specified time and directed that Weber pay the judgment entered against him with interest and costs plus the $2,500 counsel fee. Weber neglected to redeem within the time permitted but the judgment, with interest, costs and counsel fee, was fully satisfied.
Under date of May 30, 1946, the defendants prepared a preliminary statement which disclosed that the total amount payable by Weber was $15,807.03 and that $11,084.15 on account thereof had been received from the Clerk in Chancery. On June 4, 1946, the plaintiff and the representatives of the estate attended at the law offices of the defendants to receive partial distribution and were shown the preliminary statement. A check in the sum of $3,792.08 was delivered to the plaintiff; a check in the sum of $3,792.07 was delivered to the representatives of the estate; and a check in the sum of $3,500 payable to the order of plaintiff and the representatives of the estate was endorsed and delivered to Kearns and Bruder. The balance due from Weber was received by the defendants from the Sheriff of Essex County pursuant to execution and, under date of July 1, 1946, they prepared a final statement setting forth their fee for services in the sum of $5,000 plus the $2,500 paid by Weber and a balance due to the plaintiff in the sum of $216.15. The plaintiff rejected a check tendered in this amount although the representatives of the estate accepted their check and approved the fee fixed by the defendants.
In 1948 the plaintiff filed his complaint in the Chancery Division alleging that the Court of Chancery had fixed the reasonable value of the legal services rendered by the defendants at the sum of $2,500 paid by Weber and that although they were entitled to no more they had retained the additional *202 sum of $5,000, and seeking repayment of one-half of the excess charge. In their answer the defendants denied that they were restricted to the sum of $2,500 received from Weber and asserted that the plaintiff had paid them for their services rendered and their charge was reasonable. Attorneys testifying for the plaintiff fixed the reasonable value of the legal services rendered by the defendants at $2,500 to $3,000 while those testifying for the defendants fixed the reasonable value at $7,500. In addition, the defendants introduced testimony that when partial distribution was made on June 4, 1946, the parties were orally advised that the defendants had fixed their fee for services at $5,000 plus the $2,500 received from Weber and that this was agreeable to all. The plaintiff testified to the contrary but the lower Court accepted the defendants' version. Nevertheless, in the light of their fiduciary relationship, the fee arrangement between the parties will be sustained "only to the extent that it is found to embody a just and reasonable charge." See 5 N.J. Super. 68, 73. We come then to the meritorious issue of whether the defendants carried the burden of establishing that their charge constituted fair and reasonable compensation under all of the circumstances. See Hughes v. Eisner, 8 N.J. Super. 351 (Ch. Div. 1950).
At the argument on the appeal it was suggested on the defendants' behalf that the $2,500 awarded to them by the Court of Chancery against Weber was their property (Kristeller v. First National Bank of Jersey City, 119 N.J.L. 570 (E. & A. 1938)) and that the question for determination is whether $5,000 represented a reasonable fee for services payable by their clients. Although this Court held that the defendants were not bound in their claim for compensation to the sum of $2,500 fixed by the Court of Chancery (5 N.J. Super. 68, 71) it in no wise intimated that the payment by Weber was not to be credited towards the amount payable by their clients. On the contrary, we consider it clear that the $2,500 paid by Weber constituted at least partial payment to the defendants for services which they rendered to their clients and that their only claim was for such additional amount, if *203 any, as would result, in the aggregate, in reasonable compensation for their services. See Shreve v. Freeman, 44 N.J.L. 78, 82 (Sup. Ct. 1882); Schomp v. Schenck, 40 N.J.L. 195, 207 (Sup. Ct. 1878). Any other view would, as Justice Magie pointed out in the Shreve case, result in the attorneys "securing double pay for the same identical labor." In view of the foregoing, it was incumbent upon the defendants to vindicate a charge of $7,500 for the legal services which they rendered.
There is, of course, no fixed measure in determining what compensation would be reasonable and consideration must be given to all pertinent factors. See Hughes v. Eisner, supra. Thus it must be borne in mind that the defendants were called upon to institute the deficiency action on the bond upon the understanding that they were to be paid reasonably for their services, without contingency and with modest retainer. They succeeded in obtaining judgment in the sum of $10,584.20 after proceedings involving two appeals to the Court of Errors and Appeals and the dismissal of an appeal to the United States Supreme Court. After the judgment had been established, the defendants represented their clients in Weber's Chancery proceeding for redemption and in the collection of the judgment. The final hearing in the Chancery proceeding was confined to the amount which Weber would be required to pay in order to redeem and the testimony introduced related largely to the value of the legal services rendered; the collection of the judgment from the payment made to the Clerk in Chancery and the execution by the Sheriff of Essex County entailed no stated complications. The defendants point out that, as a result of the Chancery decree and Weber's payment thereunder, coupled with his failure to redeem as permitted therein, not only was full satisfaction of the judgment obtained but, in addition, their clients retained the property and rents therefrom. We accept their contention that these may be considered among the material elements in the determination of a reasonable fee; we note, however, that Weber's inexplicable failure to redeem and the *204 consequent windfall to their clients were not the result of any additional services rendered by the defendants.
Giving due weight to all of the pertinent factors stressed by the defendants, we are nonetheless unable to bring ourselves to the conclusion that their charge of $7,500 for their services in obtaining the bond deficiency judgment of $10,584.20 and in connection with the redemption suit and the collection of the judgment was reasonable under the circumstances. We believe that a fee of $5,000 towards which the $2,500 payment by Weber is credited, will adequately compensate for their services and that the plaintiff is entitled to relief on his claim for refund of one-half of the excess charge.
The judgment below is reversed.