Needed clarification, as well as a proper understanding and appraisement, of the facts and circumstances surrounding *Page 152 
the making of the order for the allowances requires, especially in view of the appeal now taken therefrom, the filing of this memorandum.
The litigation, eventuating in the making of the now challenged order, involved the administration of a trust, the aggregate funds of which, approximating about three millions of dollars, were almost entirely invested in mortgages upon real estate. As an inevitable aftermath of the recent economic debacle, the trustee was confronted with numerous perplexing foreclosure situations.
For its proper guidance, the trustee presented all of these problems for the solution and direction of this court. In the determination of these, there presented themselves a number of intricate and highly important legal questions, dealing with almost every phase of trust estate administration; the proper presentation of all which, as well as of the varied, numerous and troublesome ramifications of the case itself, of necessity, entailed a great deal of preparation, exhaustive legal research, numerous conferences and many court appearances on the part of counsel here involved. With respect to all of this the court was, throughout the entire litigation, fully informed and acquainted.
Upon due notice to all parties, the respective applications for allowance for counsel fees were regularly brought on for hearing, during the course of which each of the respective counsel made a general statement to the court relative to the extent and character of the services which each of them performed. Neither counsel for the appellants, nor those of any of the other parties, objected to this mode of presentation to the court; nor did any of them, including counsel for the appellants, apply for or request the right to have formal proof of services filed and the right of cross-examination.
The only question that was really presented to the court was whether the entire amount of the allowances sought should be charged to corpus alone or partly to corpus and partly to the life estate. But no objection was made by any of the counsel to the fees applied for by the others, even though counsel for the appellants, then representing as he *Page 153 
did the losing parties, himself applied for an allowance in the same amount as did the respective counsel for the trustee and the defendant Harriet W. Smith. No intimation was given by any of the counsel, that the services of any of the others was not worth the amount of the respective allowances which they applied for.
Having in mind the number, importance and perplexities of the questions involved, the standing, ability and responsibilities of the respective counsel, the character and extent of the services rendered, as well as the skillful manner in which they were performed, and the value of the trust estate involved, approximating as it did $3,000,000 (Soper v. Bilder, 87 N.J. Eq. 564; Hitchcock v. American Pipe and Construction Co.,89 N.J. Eq. 440), the court stated upon conclusion of the hearing that the amounts requested by all counsel, including counsel for the appellants, aggregating $35,000 or about one per cent. of the estate involved, were entirely reasonable and, therefor, would be allowed. To the determination, as thus announced by the court, counsel for the appellants made no objection whatsoever, excepting only as to the fund from which the awarded allowances were to be paid and not as to the quantum of any of those allowances. Nor was there ever any intimation by counsel for the appellants that an appeal would be taken nor was there ever any request on his part to have a record made so that the matter might be presented on appeal. *Page 154