852 A.2d 198 (2004)
371 N.J. Super. 69
Paulo BRUNO and Susanna Ribiero, Plaintiffs,
v.
GALE, WENTWORTH & DILLON REALTY; the Hills Development Company; Dave Dino; Clifford Wilson; Lynn O'Rear, Inc. t/a Decks and Walls General Contractors, Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted January 26, 2004.
Decided June 29, 2004.
Maloof, Lebowitz, Connahan & Oleske, Chatham, for appellant Charles J. Gayner (Charles J. Gayner, of counsel and on the brief).
Shapiro & Sternlieb, East Brunswick, for respondent Gary S. Shapiro (Gary S. Shapiro, of counsel and on the brief).
Before Judges PETRELLA, WEFING and COLLESTER.
The opinion of the court was delivered by COLLESTER, J.A.D.
Although the caption in this case relates to a civil action for damages, the issue presented on appeal involves an application for division of a contingent fee between attorneys following a settlement of the above-captioned negligence case in the amount of $400,000.
*199 Appellant Charles J. Gayner, Esq. filed a motion before the Law Division seeking a referral fee in an amount equaling one-third of the net legal fee received by Shapiro & Sternlieb, LLC, the respondent law firm. Although an order was entered on August 16, 2002, granting Gayner's application, the judge later entered an order granting reconsideration because the court had not received the opposing papers before the return date. The judge therefore vacated the August 16, 2002 order. She further found that Gayner was not entitled to a one-third "referral fee" since respondent was not a certified civil attorney[1] and restricted allocation of any portion of the fee to Gayner upon his showing a basis under quantum meruit. The motion was then adjourned to give time for Gayner to submit an affidavit of services and any accompanying papers and for Shapiro & Sternlieb to file papers in opposition. After the supplemental filings by both parties, the judge decided the matter on the papers by a letter opinion on January 7, 2003, in which she denied Gayner any part of the contingent fee amount.
The issue presented is what, if any, referral fee is Mr. Gayner entitled to in this case. He seeks one-third of the fee based upon his referral to Mr. Sternlieb. Since neither Mr. Sternlieb nor his partner are Certified Civil Trial Attorneys, the one-third referral fee cannot be paid. R. 1:39-7(d) permits a referral fee to be divided without regard to services performed when a certified attorney receives a case referral. Therefore, the Court must look to a quantum meruit scheme of fee apportionment.
I have reviewed submissions by and on behalf of Mr. Gayner and by Mr. Sternlieb. Clearly there was interaction between plaintiff Paul Bruno and Mr. Gayner. Unfortunately, there is no showing that any fruits of that labor were passed on to Mr. Sternlieb in furtherance of the prosecution of the case. Therefore, there can be no recovery of an attorney's fee. To be paid, one's work must have played a part in the recovery.
Gayner appeals from the February 10, 2003, order entered pursuant to the judge's letter opinion. He concedes that he is not entitled to a one-third referral fee by reason of R. 1:39-6(d), but he argues that the judge did not give proper consideration and weight to the work he performed in advancing the cause of plaintiff Paulo Bruno and thereby denied him a portion of the contingent fee received and held by respondent.[2]
By way of background, Paulo Bruno was injured as a result of a construction site accident on September 20, 1995. He sustained *200 injury when a nail he was hammering popped up from the wood and impaled his eye. After the accident, he consulted and retained Gayner, then a partner in the law firm of Handwerker, Honschke, Marchelos & Gayner, which had offices in both New York and New Jersey and shared office space in both states with Shapiro & Sternlieb. Gayner had Bruno sign medical authorization forms, which are dated September 28, 1995, and, within a matter of days thereafter, referred the case to Sternlieb to be handled, at least initially, as a workers' compensation case. Neither Gayner nor anyone in his law firm handled workers' compensation matters.
On October 3, 1995, Gayner wrote to Mr. and Mrs. Bruno as follows:
As discussed with you today, it appears that your claim will be handled as a worker's compensation claim. Towards that end, and to further evaluate a potential personal injury action, we have referred your matter to David Sternlieb, Esq.
We anticipate Mr. Sternlieb keeping us apprised as to all significant developments.
Bruno met with Sternlieb and signed a standard retainer agreement providing for a contingent fee in conformity with the Rules of Court and including a provision that Shapiro & Sternlieb would advance all costs and disbursements concerning a third party action and, in the event of non-recovery, would not seek reimbursement from Bruno. From this time forward Sternlieb was in charge of the litigation, which included not only the workers' compensation claim but also a subsequent third party negligence case which was developed and advanced by Sternlieb. Sternlieb's law firm made all disbursements, conducted all investigations, filed all pleadings, retained an ophthalmologist for a report concerning Bruno's eye injury, retained an expert in occupational safety to show deviations from OSHA standards, retained a vocational expert, participated with plaintiff in mediation and negotiated the $400,000 settlement of the third party action. Sternlieb certified that Gayner did not participate to any extent in the third party action, did not contribute to any of the costs and did not assist or act as co-counsel prior to and following the settlement of the case.
Gayner underscores that Bruno contacted him immediately after the accident and requested his representation in the matter. He admits that he turned the contents of his file over to Sternlieb five days after Bruno signed the medical authorizations. Moreover, while he concedes that the great bulk of the work in advancing Bruno's cause and settlement of the third party claim were due to Sternlieb's effort, he supplied an affidavit of services indicating that he spent 47.1 hours on Bruno's personal injury claim. Using a multiplier of $237.50 as his hourly rate, Gayner calculated his total fee entitlement in quantum meruit as $11,186.25.
Gayner relies to a great extent on the supporting certification of Paulo Bruno in which he states that he met with Gayner to discuss the case and signed a retainer agreement with him. He provided Gayner with information about the job site where he had been injured. He said that Gayner visited the scene and spoke with a co-worker about how the accident occurred. After Gayner told him he wished to transfer the case to Sternlieb, Bruno says he was assured by Gayner "that he was not abandoning me and would stay in touch with me throughout the case." Bruno certified that throughout the entire litigation he remained in touch with Gayner "every step of the way." He discussed various aspects of the case, had Gayner prepare him for his deposition and he consulted *201 with him about the settlement offers being discussed. Bruno said that he always considered Gayner his attorney because he stayed in touch with him and advised him over the years while the case was pending. He certified:
I relied on Mr. Gayner's advice throughout this process. He was attentive in that he would always return my calls, meet with me when needed and spend time explaining to me each event that occurred. During the settlement negotiations, Mr. Gayner fully explained the potential risks and rewards and, I have come to learn, relayed my concerns and interests to Mr. Sternlieb and Mr. Shapiro.
The proper measure of compensation under quantum meruit is "as much as is deserved." La Mantia v. Durst, 234 N.J.Super. 534, 537, 561 A.2d 275, 276 (App.Div.), certif. denied, 118 N.J. 181, 570 A.2d 950 (1989). Since quantum meruit is an equitable remedy, a mere listing of hours expended is insufficient since it may lead to an inequitable result. "[T]he crucial factor in determining the amount of recovery is the contribution which the lawyer made to advancing the client's cause." Glick v. Barclays DeZoete Wedd, Inc., 300 N.J.Super. 299, 311, 692 A.2d 1004, 1010 (App.Div.1997); see also, Dinter v. Sears, Roebuck & Co., 278 N.J.Super. 521, 531-32, 651 A.2d 1033, 1038 (App. Div.), certif. denied, 140 N.J. 329, 658 A.2d 728 (1995); La Mantia, supra, 234 N.J.Super. at 539-43, 561 A.2d at 277-79; Anderson v. Conley, 206 N.J.Super. 132, 150-51, 501 A.2d 1057, 1067 (Law Div. 1985); Buckelew v. Grossbard, 189 N.J.Super. 584, 587-88, 461 A.2d 590, 591-92 (Law Div.) aff'd o.b. 192 N.J.Super. 188, 469 A.2d 518 (App.Div.1983).
In making the evaluation as to the sharing of a contingent fee, hard and fast rules are difficult to apply, La Mantia, supra, 234 N.J.Super. at 540, 561 A.2d at 277; see also, Littlefield v. Kearns, 8 N.J.Super. 198, 203, 73 A.2d 732, 735 (App.Div.1950). In La Mantia we listed some of the factors for consideration.
Trial courts should consider the length of time each of the firms spent on the case relative to the total amount of time expended to conclude the client's case. State v. U.S. Steel Corp., 22 N.J. 341, 126 A.2d 168 (1956). The quality of that representation is also relevant. Hudson Cy. Nat. Bank v. [Coward] Woodruff, 123 N.J.Eq. 151, 153, 196 A. 458[, 459-60] (Ch.Div.1938).... Viability of the claim at transfer also bears upon the value of a former firm's contribution ... Soper v. Bilder, 87 N.J.Eq. 564, 569, 100 A. 858[, 860] (Ch.Div.1917). The amount of the recovery realized in the underlying lawsuit also impacts upon the quantum meruit valuation. Shaad v. Mousaw, 59 A.D.2d 1061, 399 N.Y.S.2d 822 (1977).
[234 N.J.Super. at 540-41, 561 A.2d at 278.]
These factors are by no means exclusive or exhaustive of matters to be considered on the question of division of a contingent fee between initial and successor attorneys.
[I]n addition to normal considerations for reasonable fees as outlined in the Rule of Court, where the fee disputes are between successive lawyers, other consideration must weigh heavily in making fee allocation determinations.
[Ibid.]
Among other considerations is the relationship between client and attorney. Here Bruno's certification clearly states that he selected Gayner as his lawyer, considered him to be his lawyer through the case and regularly consulted with him on questions about the case including *202 whether to accept the settlement offer. This relationship built on trust by the client cannot be totally discounted. While it may not translate into the amount of settlement with an insurance company, the advice and guidance given by an attorney to a client should not be worthless in terms of advancing the client's cause.
Furthermore, the motion judge gave no weight to the "rainmaker" factor, which relates to the fact that the initial attorney brought the case to the successor attorney. See, La Mantia, supra, 234 N.J.Super. at 542, 561 A.2d at 278-79. In this instance, it is clear that Shapiro & Sternlieb would never have been involved in the case except for the referral from Gayner after discussing it with Bruno. To exclude him from any portion of the resultant fee leads to an anomalous result. That is, under R. 1:39-6(d), Gayner would have been entitled to a division of the contingent fee without performing any services if Sternlieb had been a certified trial attorney. However, under the decision of the motion judge he receives nothing in spite of services performed for the client. Rather, Shapiro & Sternlieb receives the entire contingent fee because Sternlieb had not obtained certification as a civil trial lawyer. On its face the result appears unjust and inconsistent with the equitable remedy of quantum meruit. While we do not suggest that Gayner is entitled to a windfall, his client contacts and other work performed should have received some consideration and weight by the motion judge.
Moreover, in this instance the motion judge made her decision based on certifications containing conflicting factual assertions. For example, Gayner certified he discussed Bruno's case with Sternlieb on several occasions, an assertion roundly denied by Sternlieb. Sternlieb stated that Gayner has no standing to seek any portion of the contingent fee because Bruno's case was forwarded solely as a workers' compensation case with no thought of a third party negligence action. The certifications of both Gayner and Bruno conflict with this contention as does Gayner's October 3, 1995, letter to Bruno which we have set forth earlier.
To insure a proper accommodation to fairness there must be findings of fact on these and other disputed issues. Therefore, we are constrained to reverse and remand this matter for a plenary hearing to resolve the conflicting factual contentions set forth in the certifications and for an evaluation of Gayner's claim for a quantum meruit distribution of the attorney's fee received consistent with this opinion.
Reversed and remanded.
NOTES
[1] R. 1:36-6(d) provides:

a certified attorney who receives a case referral from a lawyer who is not a partner in or associate of that attorney's law firm or law office may divide a fee for legal services with the referring attorney or the referring attorney's estate. The fee division may be made without regard to services performed or responsibility assumed by the referring attorney, provided that the total fee charged the client relates only to the matter referred and does not exceed reasonable compensation for the legal services rendered therein.
[2] Respondent argues that the appeal should be dismissed because appellant failed to comply with R. 2:5-3, which requires that an appellant must serve a request for the preparation of the transcript of the proceedings before the court. He refers to the oral argument held on September 27, 2002, on the motion for reconsideration in which the judge vacated the prior order and held that any fee division must be based upon quantum meruit. Since appellant does not dispute any fee division, the case must be based on quantum meruit, and we deem that the transcript is not vital to our review of the order and arguments raised on appeal. We therefore decline to dismiss the appeal.