**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3732-15T4

E* TRADE BANK,

    Plaintiff-Respondent,

v.

FARLEY BOYLE, MR. BOYLE,
husband of Farley Boyle,
PATRICK BOYLE, MRS. PATRICK
BOYLE, his wife, and WELLS
FARGO BANK, N.A.,

    Defendants-Appellants.

_____

Submitted August 1, 2017 – Decided August 8, 2017

Before Judges Sabatino and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, General Equity, Monmouth
County, Docket No. F-4325-14.

Fox & Melofchik, L.L.C., attorneys for
appellants (Gary E. Fox, on the briefs).

Phelan Hallinan Diamond & Jones, P.C.,
attorneys for respondent (Brian J. Yoder, on
the brief).

PER CURIAM

    The narrow focus of this residential foreclosure appeal is

whether the final judgment of foreclosure reflects duplicative or

excessive charges that should be subtracted from the defendant homeowners' monetary obligation to the plaintiff bank. For the reasons that follow, we vacate the trial court's April 1, 2016 order rejecting defendants' overcharge claims on the papers and the ensuing April 27, 2016 final judgment, and remand for a plenary hearing concerning the alleged overcharges.

Much of the factual and procedural background is undisputed. On February 25, 2005, defendants Farley and Patrick Boyle executed a promissory note in the amount of $1,241,000 payable to GreenPoint Mortgage Funding, Inc. ("GreenPoint") for funds they borrowed to purchase a residence in Little Silver. On that date, the Boyles executed a mortgage in that same amount to GreenPoint's nominee. The mortgage was duly recorded. Almost eight years later, in January 2013, GreenPoint's nominee assigned the Boyles' mortgage to plaintiff, E* Trade Bank, and that assignment was likewise duly recorded.[1]

As admitted by the Boyles, they defaulted on the Note in or about December 2012. The default prompted plaintiff to file this foreclosure action in the Chancery Division in February 2014. The

---

[1] The Boyles also entered into a second mortgage on the property in June 2006 with co-defendant Wells Fargo Bank, N.A., which is not pertinent to the present appeal.

Boyles do not dispute plaintiff's standing as an assignee to bring this action.

In their answer to the foreclosure complaint, the Boyles asserted that they had been improperly double-charged by plaintiff and its servicer for certain insurance costs. Thereafter, counsel for the parties entered into a Consent Order in December 2014 agreeing to have the matter returned to the Office of Foreclosure. The parties also agreed to attempt to mediate the dispute and achieve a possible loan modification through the court's foreclosure mediation program. The mediation occurred, but failed to produce a settlement.

Plaintiff then moved for the entry of final judgment in the sum of $1,619,775.62, plus costs and attorney's fees. Plaintiff's notice of motion specifically advised that the borrowers could object in writing to the "calculation of the amount due[.]" The notice further advised that if such a specific objection to the amount due were advanced by the borrowers, the dispute would be referred to a judge in the county of venue.

Through their counsel, the Boyles filed a written objection to the calculation of the final judgment. They did so in the form of a letter, a certification from Mrs. Boyle, and supporting documents. Specifically, the Boyles objected to (1) allegedly duplicative flood insurance charges of $7,567.50, respectively

dated December 16, 2011 and December 29, 2011, and (2) homeowner's insurance charges of $10,699.89. As stated in Mrs. Boyle's certification, the Boyles directly maintained and paid homeowner's insurance for the residence every year, and thus it was unnecessary for plaintiff to incur and seek reimbursement for that premium cost. Mrs. Boyle also provided a copy of the flood insurer's endorsement for the policy period of October 24, 2014 to October 24, 2015, reflecting that the annual flood premium was only $7,500, and not the sum used by plaintiff for over that amount. Plaintiff contested these assertions, maintaining that the insurance expenses that had been charged were proper and not duplicative.

The overcharge dispute was referred by the Office of Foreclosure to the vicinage's Chancery Division. The Boyles' counsel supplied the court with his client's prior submissions, along with his own certification and brief in support of the motion. Counsel requested oral argument on the motion, and sent a letter to the court on March 16, 2016, confirming his understanding that the court would hear oral argument on April 1, 2016. Meanwhile, two days before that return date, plaintiff served a package of additional responding documents upon the Boyles' counsel. The following day, March 31, the court advised counsel that it would not allow oral argument on the pending motion and would instead decide the matter on the papers.

4

On April 1, 2016, the trial court issued an oral opinion, granting plaintiff the full amount it had sought in the final judgment and rejecting the Boyles' contention that they had been overcharged. Among other things, the court characterized the Boyles' objection as "speculative" and insufficiently "specific."

With respect to the flood insurance charges, the court found that plaintiff's "business records show that the charge[s] [were] not duplicative, but [that] plaintiff was forced to make certain payments." The court further noted that the mortgage provided that, if the borrowers failed to maintain required insurance coverages, the lender had the right to obtain such coverage at its own option and at the borrowers' expense. The court deemed Mrs. Boyle's certification inadequate because, although it states that the borrowers maintained homeowners' insurance, the borrowers did not furnish the court with "any proofs that show that they did."

On appeal, the Boyles argue that the trial court procedurally erred in denying their counsel's request for oral argument and, moreover, in not conducting a plenary hearing at which testimony could have shed light on the disputed pretrial issues. Plaintiff responds that there were no genuine issues of disputed fact to justify either oral argument on the motion or a plenary hearing. In addition, plaintiff interposes a legal argument not relied upon by the trial court, arguing that the Boyles waived any right to

contest the final calculation of the judgment by entering into the December 2014 Consent Order.

Having considered these arguments, we conclude that the fairest and most appropriate course of action is to remand this matter to the trial court for further proceedings concerning the alleged overcharges.

In general, trial courts are to honor litigants' requests for oral argument on substantive civil motions that do not concern pretrial discovery or calendaring issues. See R. 1:6-2(c). Where, as here, a timely request has been made for oral argument on a civil motion not related to discovery or calendaring, Rule 1:6-2(d) prescribes that such a "request shall be granted as of right." See also Great Atl. & Pac. Tea v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000). This is not an exceptional instance in which the entitlement to oral argument under Rule 1:6-2(d) was appropriately relaxed because argument would have been manifestly unproductive. Cf. Polanski v. Polanski, 414 N.J. Super. 274, 285-86 (App. Div. 2010). Moreover, the trial court's decision does not address why the Boyles' request for oral argument was denied.

The thrust of the Boyles' opposition to the bank's calculations centered upon factual issues and disputes that could have benefited from a plenary hearing. In general, a plenary hearing in such contexts is preferable to the court resolving the

issues based solely upon competing written submissions. Bruno v. Gale, Wentworth & Dillon Realty, 371 N.J. Super. 69, 76-77 (App. Div. 2004) (remanding a dispute for a plenary hearing "[t]o insure a proper accommodation to fairness" and "to resolve the conflicting factual contentions").

Although we appreciate the trial court's legitimate interest in disposing of pending motions efficiently, in this particular instance the better course would have been to permit counsel to present oral advocacy and plenary testimony before conclusively rejecting the Boyles' overcharge claims. We do agree with the trial court that the Boyles' objections would have been more persuasive had they attached additional documentation, such as invoices or bank statements substantiating Mrs. Boyle's certified assertion that they, in fact, had paid their homeowners' policy premiums directly. But, as the Supreme Court has instructed, one should be cautious in hypothesizing that witnesses who attest to facts under penalty of perjury are lying or mistaken. See, e.g., Townsend v. Pierre, 221 N.J. 36, 58-59 (2015).

We recognize that plaintiff has supplied plausible evidence, which defendants dispute, to substantiate its explanation that the two December 2011 flood insurance premiums it paid were for two successive policy periods and thus not duplicative. Nevertheless,

these matters could have been explored in a relatively short hearing that would have dispelled any lingering uncertainties.

Although we need not reach the question because plaintiff's waiver argument was not adjudicated below, we reject its overly-broad construction of the December 2014 Consent Order. To be sure, the Consent Order does recite that defendants waived "all claims and defenses" against plaintiff. Nevertheless, we decline to construe that language as depriving the borrowers an opportunity to interpose an objection to the total amount of the final judgment, which had not yet been calculated pending further processing by the Office of Foreclosure. The notice sent to the Boyles expressly advised them of their right to file a specific objection to the calculation of the final amount due. We will not consider that written direction to be meaningless. The Boyles appropriately exercised the rights afforded to them under the notice, and the trial court accordingly was authorized to consider their objection on its merits (as it did, albeit without a hearing) notwithstanding the prior Consent Order.

For these reasons, the trial court's rulings are vacated and the matter is remanded for oral argument and a plenary hearing. In doing so, we express no views about the ultimate merits of the Boyles' overcharge claims.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3732-15T4