**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4763-17T1

BRIAN W. KIM and JONG
HWA KIM,

     Plaintiffs,

v.

EDWARD S. PELL and
DIANA PELL,

     Defendants.

_____

Argued telephonically March 12, 2019 –
Decided April 16, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0472-12.

Lane M. Ferdinand argued the cause for pro se appellant Law Offices of Lane M. Ferdinand, PC.

David M. Wassserman argued the cause for pro se respondent Law Offices of Andrew Park; David M. Wassserman, on the brief.

PER CURIAM

This appeal concerns a fee dispute between attorneys who represented plaintiffs[1] at different times in the course of a personal injury action. After the trial court awarded fees and prejudgment interest to plaintiffs' initial attorney, the superseding attorney filed this appeal. For the reasons below, we vacate the motion judge's ruling and remand for further findings.

In October 2012, plaintiff sustained injuries in an automobile accident. Plaintiffs initially retained the Law Offices of Andrew Park (Park) to pursue claims against the driver of the other vehicle. After arbitration, Park obtained an offer to settle plaintiffs' claims for a total of $55,000.

Park claims plaintiff later informed him she underwent surgery on her ankle. Park stated he "began preparations to obtain the medical records" regarding the surgery and to reopen discovery, but was discharged before he could file the motion.

After discharging Park, plaintiffs retained the Law Offices of Lane Ferdinand (Ferdinand). At the time of the discharge, Park had incurred $570 in expenses, in addition to his time in handling the case.

---

[1] In this opinion, we refer to Jong Hwa Kim and Brian W. Kim collectively as "plaintiffs," and Jong Hwa Kim individually as "plaintiff." Plaintiff's husband sues per quod.

A-4763-17T1

Ferdinand reopened discovery and obtained additional medical records, before eventually settling the case for $150,000. Park later filed a motion to recover attorney fees and costs for the work he completed before his discharge. Before deciding the motion, the court scheduled a plenary hearing and heard testimony from plaintiff and both attorneys. According to plaintiff, Park advised her to accept a $55,000 settlement offer, telling her "that he could not do well with the court or jurors because he and I [are] Asians." During the phone conversation, plaintiff made hand-written notes, which she identified at the hearing. Plaintiffs took steps to secure a new attorney the next day. According to plaintiff, Park did not keep her "up to date" regarding her case and never informed her when her case was scheduled for arbitration.

In his testimony, Park not only denied pressuring plaintiff to accept the $55,000 settlement offer, but claimed, "I told her not to accept it." Park did admit that he was not aware that plaintiff had undergone ankle surgery at the time her case went to arbitration. Park also acknowledged his firm could not locate a copy of a retainer agreement with plaintiffs.

The court then allowed both attorneys to submit briefs setting forth their positions as to the appropriate amount Park should receive. Park argued in favor of an award of one-third "of the $55,000 settlement offer" obtained for plaintiff,

plus over $2000 in prejudgment interest. Ferdinand argued against any award in favor of Park, contending the former firm badly mishandled the case.

On May 31, 2018, the court awarded Park $18,150, or "33 and 1/3% of the original $55,000 settlement offer obtained for the client," plus "pre-judgment interest in the amount of $2014.63." The trial court's statement of reasons merely recited that "the best available measure of a predecessor attorney's contribution is the contingent fee percentage of a settlement offer procured by the predecessor attorney," and that the court should also consider "the length of time each of the firms spent on the case relative to the total amount of time expended . . . the quality of the representation . . . the result of each firm's efforts . . . [and] the reason the client changed attorneys . . . ." Significantly, the courts one-page statement of reasons failed to make any credibility determinations regarding plaintiff's allegation that Park pressured her to settle or Ferdinand's claim that the file Park transferred was "a disaster," and represented "gross malpractice." This appeal followed.

We use the equitable doctrine of quantum meruit to determine counsel fee awards. La Mantia v. Durst, 234 N.J. Super. 534, 537 (App. Div. 1989). The analysis is fact-sensitive. Ibid. Although there are no "hard and fast" rules governing the analysis, we have identified several factors the trial courts should

apply. <u>Bruno v. Gale, Wentworth & Dillon Realty</u>, 371 N.J. Super. 69, 75 (App. Div. 2004) (citing <u>La Mantia</u>, 234 N.J. Super. at 540-41). A trial court should consider: (1) the amount of time an attorney spent on the case in relation to the total amount of hours spent to resolve it; (2) the quality of representation; (3) the results achieved by each lawyer's efforts; (4) the reason the client switched representation; (5) the viability of the client's claims at the time of transfer; and (6) the amount of recovery ultimately realized. <u>La Mantia</u>, 234 N.J. Super. at 540-41.

This analysis is not a mathematical exercise, however. "[I]f the predecessor's work, no matter how extensive, contributed little or nothing to the case, then the ceding lawyer should receive little or no compensation." <u>Glick v. Barclays De Zoete Wedd, Inc.</u>, 300 N.J. Super. 299, 311 (App. Div. 1997). The relationship between the client and the attorney is also a significant factor to be considered in a quantum meruit determination. <u>Bruno</u>, 371 N.J. Super. at 75.

Here, the trial court noted some of this authority, but simply concluded Park should receive a third of the original settlement offer. The trial court mentioned it could consider the contingent fee arrangement between the parties, but Park could not produce its retainer agreement and the opinion does not state

the agreed-to percentage. Further, Park did not submit an affidavit of services to the court.

Further, the statement of reasons does not indicate the monetary value of the lawyer's time, identify the approximate time spent on each task, nor set forth the overall hours devoted to plaintiff's case. The court's specific findings of fact and ultimate conclusions of law must be based on this evidence, and explained on the record. R. 1:7-4. Conclusory statements not supported by or specifically linked to the competent evidence in the record do not satisfy the rule's mandate. Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 562 (App. Div. 2009).

Here, the trial court's findings lacked the specificity required and are therefore not amenable to appellate review. R. 1:7-4; Curtis v. Finneran, 83 N.J. 563, 570 (1980). From the record before us, we cannot determine the basis for the court's award to Park. We are thus compelled to vacate the award and remand the matter for further analysis consistent with this opinion. On remand, the trial court should develop a factual record that includes the evidence necessary to determine what level of compensation, if any, Park is entitled to

receive based on the amount of time he spent on plaintiff's case, and the quality of that professional effort relative to the results achieved.[2]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] On remand, the trial court should consider requiring Park to submit an affidavit of services complying with RPC 1.5(a).