<div style="border:1px solid black">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3642-17T3

NIEL AKSHAR, INC.,

     Petitioner-Appellant,

v.

CITY OF UNION CITY,

     Respondent-Respondent.

_____

Submitted May 1, 2019 – Decided May 17, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from the New Jersey Department of Law and Public Safety, Division of Alcoholic Beverage Control.

Tomas Espinosa, attorney for appellant.

Gregory T. Farmer, attorney for respondent City of Union City.

Gurbir S. Grewal, Attorney General, attorney for respondent Division of Alcoholic Beverage Control (Cameshia T. Caldwell, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Niel Akshar, Inc. (Akshar), appeals from the Director of the Division of Alcoholic Beverage Control's March 5, 2018 final agency decision upholding the City of Union City's imposition of a ten-day suspension of Akshar's license to sell liquor in the City. We affirm.

I.

Akshar operates a retail liquor store in the City. The City's Alcoholic Beverage Control Board issued a notice of charges alleging that on July 17, 2016, Akshar violated municipal ordinance 58-9A(1) by selling alcoholic beverages after permitted hours of operation. In pertinent part, the ordinance prohibits the sale of alcoholic beverages "in any licensed premises between the hours of 2:00 a.m. and 7:00 a.m. on any day."

Following a hearing, the City adopted a Resolution and Order finding City police officers observed a sale of alcoholic beverages in Akshar's store at 2:05 a.m. on July 17, 2016, and rejecting Akshar's reliance on an in-store video recording that included a "time stamp" showing the transaction occurred at 1:55 a.m. The City found Akshar did not produce evidence establishing the accuracy of the video time stamp. The City determined Akshar violated the ordinance and imposed a ten-day suspension.

A-3642-17T3

Akshar appealed the suspension to the State Division of Alcoholic Beverage Control (ABC), which referred the matter to the Office of Administrative Law for a hearing before an Administrative Law Judge (ALJ).[1] The ALJ conducted a one-day hearing and accepted post-hearing submissions.

In the ALJ's decision, she noted it was uncontroverted that on July 17, 2016, at around 2:00 a.m. alcoholic beverages were sold in Akshar's store to two customers.[2] The only factual issue presented was whether the sale occurred before or after 2:00 a.m.

The ALJ accepted as credible the testimony of the police officers, who explained that on July 17, 2016, they observed two individuals in the store's doorway and were concerned because it was after 2:00 a.m., the store should have been closed and the store had been the scene of a recent robbery. They

---

[1] The ABC also stayed the license suspension pending the outcome of Akshar's appeal.

[2] We limit our summary of the facts to those set forth in the ALJ's decision because Akshar failed to provide the transcript of the proceedings before the ALJ. See R. 2:5-3(b). We note, however, it does not appear there are any disputes as to the testimony and evidence presented before the ALJ, and we are therefore able to address the issues raised on appeal. See Bruno v. Gale, Wentworth & Dillon Realty, 371 N.J. Super. 69, 72 n.2 (App. Div. 2004).

observed money changing hands and what they understood to be a sale of alcoholic beverages.

One of the officers checked his watch and the clock in the police vehicle, and the other immediately called dispatch, asked for a "time check" and was advised it was 2:05 a.m.[3] The officers detained one of the putative purchasers and spoke to one of the store's owners, who explained that he believed he could sell beer until 3:00 a.m. The owner's wife, who was also present, admitted the store sold beer after 2:00 a.m. on prior occasions. The ALJ found the owner and his wife's statements demonstrated that they "genuinely thought that they could sell beer after 2:00 a.m." It was determined that beer was purchased during the transaction the officers observed.

The ALJ found as a matter of fact that Akshar sold alcoholic beverages after 2:00 a.m. The ALJ determined the officers' testimony was credible and was persuaded by the testimony of the City's Systems Administrator who explained that the clock used to provide "time checks" called in by officers is synchronized every ten minutes with the atomic clock. Thus, the court found

---

[3] The officer's report stated that he was advised by dispatch the time was 2:05 a.m., but he testified at the hearing he recalled he was advised the time was 2:04 a.m.

that the time reported by dispatch in response to the officer's request was accurate.

The ALJ rejected Akshar's reliance on a recording of the transaction from a surveillance camera in the store, which included a time stamp showing the transaction occurred at 1:55 a.m.[4] Akshar's owner explained that the surveillance camera time stamp is synchronized with the clock on the store's New Jersey State Lottery machine and is therefore reliable. The ALJ rejected Akshar's reliance on the surveillance camera's time stamp because Akshar did not present evidence establishing the reliability of the State Lottery clock, demonstrating the surveillance recording equipment kept time accurately, showing the surveillance equipment clock and State Lottery clock were synchronized regularly or demonstrating that the two clocks were "in sync."

The ALJ found Akshar did not satisfy its burden and failed to establish that the City's finding of a violation was not based on sufficient credible

---

[4] The ALJ's decision states Akshar argued the transaction took place at 1:57 a.m. and offered surveillance footage as proof. We recognize the discrepancy between this assertion and the 1:55 a.m. "time stamp" noted by the City Alcoholic Beverage Control Board. Because the record on appeal does not include the original surveillance footage or the transcript of the ALJ's hearing, we are unable to discern which time is correct. In any event, we understand Akshar relied on a surveillance recording showing the transaction occurred before 2:00 a.m.

evidence. The ALJ, however, determined that "in [her] view" the ten-day suspension "is too harsh." She noted Akshar's putative reliance on an inaccurate clock and the fact that the prohibited sale constituted its "first offense" and occurred "only minutes late" as mitigating factors warranting only a one-day suspension.

The City filed exceptions to the ALJ's decision, arguing the ten-day suspension it imposed was in accordance with the presumptive sanctions contained in N.J.A.C. 13:2-19.11.[5] Akshar asserted only that the one-day suspension should be adopted by the ABC Director. Akshar does not provide any record showing, or argument asserting, that it filed an exception challenging the ALJ's finding that it violated the ordinance by selling alcoholic beverages after 2:00 a.m.

In his final agency decision, the ABC Director accepted the ALJ's credibility determinations and factual findings supporting her unchallenged conclusion that Akshar sold alcoholic beverages after 2:00 a.m. on July 17,

---

[5] The record on appeal does not include the exceptions filed from the ALJ's decision and recommendation. We glean the substance of the exceptions from the City's merits brief and the Director's final decision. Akshar's brief does not make any express reference to the exceptions filed from the ALJ's decision and recommendation, and does not dispute the City's representations concerning them.

2016, in violation of the City ordinance. The Director noted that the City's exceptions to the ALJ's decision were limited to challenging the ALJ's recommendation that the ten-day suspension be reduced to one day. The Director further explained that he would consider Akshar's untimely response to the City's exceptions in which Akshar alleged only that "the violation that occurred was de minimus, and therefore, the [one]-day suspension should be upheld."

The Director addressed the legal standard governing his review of a municipal board's determination concerning liquor license matters, explaining that in Lyons Farms Tavern, Inc. v. Municipal Board of Alcoholic Beverage Control, our Supreme Court stated that the Director "will not and should not substitute his judgment for that of the local board or reverse the ruling if reasonable support for it can be found in the record." 55 N.J. 292, 303 (1970). The Director further determined that there was reasonable support in the record supporting the City's imposition of the ten-day suspension, noting that the presumptive penalty for the violation is ten days under N.J.A.C. 13:2-19.11(i).

The Director recognized N.J.A.C. 13:2-19.13(b) contains a non-exhaustive list of mitigating factors to be considered in reducing a suspension from the presumptive penalty. The Director, however, found the record

demonstrated Akshar "either . . . lack[ed] . . . knowledge of or . . . fail[ed] to adhere to the alcoholic beverage laws" because the owner not only erroneously believed he could sell beer and wine until 3:00 a.m., he had done so on prior occasions. The Director also noted that Akshar had another violation, which the Director upheld in a final decision rendered on February 8, 2018, for serving alcohol to an underage customer. The Director found the City's decision was supported by the record and upheld the ten-day suspension.[6] This appeal followed.

## II.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). A reviewing court will presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). Thus, "an appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413,

---

[6] At that time, the stay of the suspension was vacated.

A-3642-17T3

422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006). "Where . . . the determination is founded upon sufficient credible evidence seen from the totality of the record and on that record findings have been made and conclusions reached involving agency expertise, the agency decision should be sustained." Gerba v. Bd. of Trs., Pub. Emps.' Ret. Sys., 83 N.J. 174, 189 (1980).

Akshar makes four arguments on appeal, each of which challenges the Director's finding that Akshar violated the ordinance by selling alcoholic beverages after 2:00 a.m. First, it contends the ALJ's and Director's decisions were arbitrary, capricious, unreasonable and not supported by the record. Second, it argues the Director failed to give due weight to its evidence that its surveillance recording equipment was synchronized with the State Lottery clock. Next, it contends it was error for the ALJ and the Director to rely on the police officer's testimony concerning the time check provided by dispatch because it constituted "uncurable hearsay." Last, it argues the Director impermissibly engaged in rule-making by requiring that regulated licensees operate according to the atomic clock relied on by the City police.

We reject Akshar's arguments that the Director erred by finding it violated the ordinance. Although Akshar argued before the ALJ that there was insufficient evidence supporting the alleged violation, it did not challenge the ALJ's finding it violated the ordinance before the Director. To the contrary, following the ALJ's decision, Akshar not only failed to file exceptions challenging the ALJ's findings, it conceded the violation and argued only the violation was de minimis and therefore required only the one-day suspension the ALJ recommended. Akshar did not argue before the Director that the evidence is insufficient to support the ALJ's determination that it violated the ordinance or make any of the other arguments it now makes on appeal challenging that determination. We will not review questions that were not raised before the agency "unless the questions so raised on appeal go to the jurisdiction of the [agency] or concern matters of great public interest."[7] Ricci

_____

[7] We observe that even if we were to address the merits of Akshar's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The evidence the Director found credible is sufficient to support his determination Akshar violated the ordinance. R. 2:11-3(e)(1)(D). The Director was entitled to rely on the hearsay evidence that the dispatcher reported the time check as 2:05 a.m., see N.J.A.C. 1:1-15.5(a), and the officer's testimony he checked his watch and the clock in the police vehicle, as well as Akshar's admissions it understood it could sell alcoholic beverages after 2:00 a.m., provided competent evidence corroborating the time the contested sale took place, N.J.A.C. 1:1-15.5(b). In addition, the Director did not adopt a rule

v. Ricci, 448 N.J. Super. 546, 567 (App. Div. 2017) (quoting Zaman v. Felton, 219 N.J. 199, 227 (2014)).

We do not address the sole issue that was presented to the Director in the exceptions filed by the City and in Akshar's opposition to the exceptions— whether the Director should have accepted the ALJ's recommendation to reduce the suspension from ten days to one day. On appeal, Akshar does not challenge the Director's decision that a ten-day suspension is the appropriate sanction for Akshar's violation of the ordinance. Akshar argues only that the Director erred by finding a violation of the ordinance in the first instance. Akshar's brief is otherwise devoid of any argument that the Director's decision to reject the ALJ's recommended one-day suspension and uphold the City's imposition of a ten-day suspension is in error. An issue not briefed on appeal is deemed waived. Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008); Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

that the timing of sales for liquor licensees is tied to the atomic clock; the Director and the ALJ simply found that under the circumstances of this case, reliance on a clock synchronized with the atomic clock supported the police officers' version of the events. Last, the ALJ and the Director correctly determined that Akshar failed to sustain its burden of establishing the City's determinations were not supported by sufficient credible evidence or were otherwise arbitrary, capricious or unreasonable. See N.J.A.C. 13:2-17.6.

11

A-3642-17T3